1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

| KRISTIANE SMITH, | CASE NO. 13cv3061-WQH (BGS) |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| LAW OFFICES OF PATENAUDE & FELIX, A.P.C., | |
| Defendant. | |

11
12
13
14
15
16

HAYES, Judge:

17      The matter before the Court is the Motion to Dismiss filed by Defendant Law
18  Offices of Patenaude & Felix A.P.C.  (ECF No. 8).

19                          **BACKGROUND**

20      On December 17, 2013, Plaintiff initiated this action by filing a Complaint
21  against Defendant Law Offices of Patenaude & Felix, A.P.C.  (ECF No. 1).  On
22  February 3, 2014, Plaintiff filed a First Amended Complaint alleging violations of the
23  Fair Credit Reporting Act, 15 U.S.C. § 1681b ("FCRA"), the Fair Debt Collection
24  Practices Act, 15 U.S.C. § 1692g(a) ("FDCPA"), and the Rosenthal Fair Debt
25  Collection Practices Act, Cal. Civ. Code § 1788.15(a) ("RFDCPA").  (ECF No. 6).

26      On February 17, 2014, Defendant filed a Motion to Dismiss for Failure to State
27  a Claim.  (ECF No. 8).  On March 3, 2014, Plaintiff filed a response to the Motion to
28  Dismiss.  (ECF No. 9).  On March 10, 2014, Defendant filed a reply.  (ECF No. 10).

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on April 25, 2013, Defendant initiated a "hard pull of Plaintiff's credit report from TransUnion without permissible purpose, thereby reducing her credit score" and violating the FCRA.  (ECF No. 6 at ¶ 7).  Plaintiff alleges that Defendant violated the FDCPA because it "did not act in accordance with the provisions and definitions in regards to the term 'account'," and "failed to provide a 30 day validation notice to the Plaintiff."  *Id*. at ¶¶ 7-8.  Plaintiff alleges that Defendant violated the RFDCPA when it "attempted to collect on consumer debt when service of process was not legally effected" and that she had no contractual agreement with Defendant.  *Id*. at ¶¶ 9-10.  Plaintiff demands $1,000 in damages for violation of each statute, totaling $3,000 in damages.  *Id*. at ¶¶ 14, 19, 26.

## DISCUSSION

### I.    Request for Judicial Notice

Defendant has submitted a request for judicial notice of the summons and complaint filed on June 19, 2013, in the Superior Court of California for the County of Sacramento, entitled *TD Bank USA, N.A., As Successor in Interest to Target National Bank v. Kristiane Smith*, case number 34-2013-00146865. (ECF No. 8-1).  Federal Rule of Evidence 201 provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 210(b). Courts may take judicial notice of their own records, and may also take judicial notice of other courts' proceedings if they "directly relate to matters before the court."  *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D. Cal. 2006); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  The unopposed request for judicial notice is granted.

### II.   Contentions of the Parties

Defendant contends that "Plaintiff obtained and used a credit card issued by TD Bank, U.S.A., N.A., as successor in interest to Target National Bank, and failed to pay

it." (ECF No. 8 at 3). Defendant contends that it is a debt collector who was retained by Target National Bank ("Target") to collect Plaintiff's delinquent credit card debts. Defendant contends that it pulled Plaintiff's credit report for the purpose of collection on the account, a permissible purpose under the FCRA. Defendant contends Plaintiff's First Amended Complaint fails to allege sufficient facts to state a claim and dismissal without leave to amend is warranted because the defects of the First Amended Complaint are incurable.

Plaintiff contends she was not aware of Defendant's "hard pull" of her credit report until November 10, 2013 after reviewing her credit report. (ECF No. 9 at 2). Plaintiff contends that Defendant failed to send a demand request, filed suit without notice, and failed to send initial communication to Plaintiff. *Id*. at 4-5. Plaintiff contends she never received the initial demand letter and that Defendant has no evidence to prove the initial demand letter was mailed to her, including proof of mailing or receipt. *Id*. at 5. Plaintiff contends Defendant obtained her credit report without a permissible purpose. *Id*. at 4. Plaintiff contends Defendant violated the RFDCPA by concealing the state court suit and refusing "to legally serve the Summons on the Plaintiff." *Id*. at 6.

## III.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). For

purposes of reviewing dismissal for failure to state claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## IV.    Federal Law Claims

### A.    FCRA

The FCRA imposes civil liability against "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose...."  15 U.S.C. §§ 1681n(b). A consumer report is "any information by a consumer reporting agency bearing on a consumer's credit worthiness...." 15 U.S.C. § 1681a(d)(1). The FCRA lists several permissible purposes for obtaining a consumer report, including that a consumer reporting agency may provide a consumer report to "a person which it has reason to believe ... intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer...." 15 U.S.C. §1681b.

"A collection agency is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt." *Pyle v. First Nat. Collection Bureau*, No. 1:12cv288-AWI-SKO, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012) (concluding that plaintiff's allegations that he "never at anytime had any business dealing or accounts with the Defendant" were vague and conclusory and failed to establish that Defendant's activities were impermissible.). "Where a permissible purpose for obtaining the credit information is demonstrated, then as a matter of law,

1   the information cannot have been obtained under false pretenses." *Perretta v. Capital*

2   *Acquisitions & Mgmt Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 (N.D.

3   Cal. May 5, 2003) (granting a motion to dismiss an FCRA claim because "defendant

4   obtained plaintiff's consumer report ... in connection with an effort to collect a debt.")

5   (citations omitted).

6       The First Amended Complaint's allegation that Defendant "violated the FCRA

7   by initiating a hard pull of Plaintiff's credit report from TransUnion without permissible

8   purpose, thereby reducing her credit score" (ECF No. 6 at ¶ 7) is conclusory and

9   insufficient to state a claim without additional factual allegations. *See Twombly*, 550

10   U.S. at 555. The Court finds that the First Amended Complaint fails to allege sufficient

11   facts to show that Defendant violated the FCRA. The Motion to Dismiss the FCRA

12   claim is granted.

13       **B.   FDCPA**

14       Congress enacted the FDCPA to "eliminate the recurring problem of debt

15   collectors dunning the wrong person or attempting to collect debts which the consumer

16   has already paid." *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225

17   (9th Cir. 1988). Section 1692g(a) requires that the initial communication with a

18   consumer in connection with a debt contain: (1) the amount of the debt; (2) the name

19   of the creditor; (3) a statement that if the consumer, within thirty days after receipt of

20   the notice disputes the validity of the debt, or any portion thereof, the debt will be

21   assumed to be valid by the debt collector; (4) a statement that if the consumer disputes

22   the debt, the debt collector will mail the consumer verification of the debt or a copy of

23   a judgment; and (5) a statement that, upon the consumer's written request, the debt

24   collector will provide the consumer with the name and address of the original creditor,

25   if different from the current creditor. 15 U.S.C. § 1692g(a)(1)-(5); *see also Terran v.

26   Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997). The term communication means "the

27   conveying of information regarding a debt directly or indirectly to any person through

28   any medium." 15 U.S.C. § 1692a(2). The initial communication need only be sent by

the debt collector who is under no obligation to establish receipt by the debtor. *Mahon v. Credit Bureau of Placer Cnty. Inc.,* 171 F.3d 1197, 1201 (9th Cir. 1999). Under the common law Mailbox Rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Id*. at 1202. To overcome this rebuttable presumption of mailing and receipt, a debtor must prove "by clear and convincing evidence that the mailing was not, in fact, accomplished." *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991); *see also Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1241 (finding debtor's only evidence—that she never received the letter—insufficient to overcome the rebuttable presumption).

The First Amended Complaint's allegation that Defendant "violated the FDCPA when [it] failed to provide a 30 day validation notice to the Plaintiff" (ECF No. 6 ¶¶ 8, 19) is conclusory and insufficient to state a claim without additional factual allegations. *See Twombly*, 550 U.S. at 555. The Court finds that the First Amended Complaint fails to allege sufficient facts to show that Defendant violated the FDCPA. The Motion to Dismiss the FDCPA claim is granted.

## V.   State Law Claim

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim "if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). In this case, the Court has dismissed the federal claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claim, which alleges a violation of the RFDCPA. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.  The First Amended Complaint is DISMISSED without prejudice.  No later than thirty days from the date this Order is filed, Plaintiff may file a motion for leave to amend the First Amended Complaint accompanied by a proposed second amended complaint.  The second amended complaint must be complete in itself and may not incorporate by reference prior versions of the complaint or other filings in this action.  If Plaintiff does not file a motion for leave to amend, this case shall remain closed without further order of the Court.

DATED:  July 23, 2014

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge